Opinion filed August 18,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00027-CV 

                                                    __________

 

                           IN
THE INTEREST OF J.D.W., A CHILD



 

                                   On
Appeal from the 318th District Court

 

                                                          Midland
County, Texas

 

                                                 Trial
Court Cause No. FM 50,501

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of J.D.W.’s mother
and father.  The father (appellant) has filed a notice of appeal from the termination
order.  J.D.W.’s mother has not filed an appeal.  We affirm.  

Issues

            Appellant
presents eight issues for review.  In the first and second issues, he asserts
that the evidence is legally and factually insufficient to support the finding
that he knowingly placed or knowingly allowed J.D.W. to remain in conditions or
surroundings which endangered J.D.W.’s physical or emotional well-being.  In his
third and fourth issues, appellant challenges the legal and factual sufficiency
of the evidence supporting the finding that he engaged in conduct or knowingly
placed J.D.W. with persons who engaged in conduct that endangered J.D.W.’s
physical or emotional well-being.  In the fifth and sixth issues, appellant
challenges the legal and factual sufficiency of the evidence supporting the
finding that appellant constructively abandoned J.D.W.  In the seventh and
eighth issues, appellant asserts that the evidence is legally and factually
insufficient to support the finding that termination is in the best interest of
J.D.W.  

Legal
and Factual Sufficiency

            Termination
of parental rights must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (Vernon
Supp. 2010).  To determine on appeal if the evidence is legally sufficient in a
parental termination case, we review all of the evidence in the light most
favorable to the finding and determine whether a rational trier of fact could
have formed a firm belief or conviction that its finding was true.  In re
J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is
factually sufficient, we give due deference to the finding and determine
whether, on the entire record, a factfinder could reasonably form a firm belief
or conviction about the truth of the allegations against the parent.  In re
C.H., 89 S.W.3d 17, 25-26 (Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that appellant committed four of the acts
listed in Section 161.001(1).  The trial court found that appellant had
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings that endangered the physical or emotional well-being of the child,
had engaged in conduct or knowingly placed the child with persons who engaged
in conduct that endangered the physical or emotional well-being of the child,
had constructively abandoned the child who had been in the permanent or
temporary managing conservatorship of the Department of Family and Protective
Services for not less than six months, and had failed to comply with the
provisions of a court order that specifically established the actions necessary
for him to obtain the return of the child who had been in the permanent or
temporary managing conservatorship of the Department of Family and Protective
Services for not less than nine months as a result of the child’s removal from
the parent for abuse or neglect.  See Section 161.001(1)(D), (E), (N), (O). 
The trial court also found that termination was in the child’s best interest.  See
Section 161.001(2).  

            Appellant
has not challenged the trial court’s finding under Section 161.001(1)(O) that
he failed to comply with the provisions of a court order that specifically
established the actions necessary for him to obtain the return of the child. 
The evidence presented by a Department caseworker shows that appellant failed
to comply with the court-ordered services.  Furthermore, the record shows that
appellant was incarcerated at the time J.D.W. was removed and that appellant
admitted that he was unable to care for his child, that he had not been a fit
parent, that he had engaged in domestic violence in the presence of his child,
and that he had abused alcohol and illegal drugs.  Appellant allowed J.D.W. to
remain with the child’s mother even though appellant was aware that the child’s
mother suffered from depression and abused illegal drugs. J.D.W. was removed
from the mother’s residence when he was one year old after J.D.W. and his
four-year-old brother were found outside with no supervision three separate
times in a four-month period.  On the last occasion, the four-year-old brother
drove a vehicle across a county road and into traffic while J.D.W. was outside
and could have been struck by the vehicle.  We hold that the evidence is
legally and factually sufficient to support the trial court’s findings under
Section 161.001(D), (E), and (O) because the trial court could reasonably have
formed a firm belief or conviction that  appellant knowingly placed or
knowingly allowed J.D.W. to remain in conditions or surroundings that
endangered his physical or emotional well-being, that appellant had engaged in
conduct or knowingly placed J.D.W. with persons who engaged in conduct that
endangered his physical or emotional well-being, and that appellant failed to
comply with the provisions of the court-ordered service plan.  

            The
next question we must address is whether the best interest finding is supported
by legally and factually sufficient evidence.  With respect to the best
interest of a child, no unique set of factors need be proved.  In re C.J.O.,
325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use
the non-exhaustive Holley factors to shape their analysis.  Holley v.
Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical
needs of the child now and in the future, (3) the emotional and physical danger
to the child now and in the future, (4) the parental abilities of the
individuals seeking custody, (5) the programs available to assist these
individuals to promote the best interest of the child, (6) the plans for the
child by these individuals or by the agency seeking custody, (7) the stability
of the home or proposed placement, (8) the acts or omissions of the parent that
may indicate that the existing parent-child relationship is not a proper one,
and (9) any excuse for the acts or omissions of the parent.  Id. 
Additionally, evidence that proves one or more statutory grounds for
termination may also constitute evidence illustrating that termination is in
the child’s best interest.  C.J.O., 325 S.W.3d at 266.  

The
record shows that, prior to removal, J.D.W. had been placed in life-threatening
situations and had been endangered by the domestic violence between the
parents.  The parents were in and out of jail or prison, abused alcohol and
drugs, and failed to provide J.D.W. with a safe, stable environment.  When
J.D.W. was removed by the Department, he was placed in a relative’s home where
he remained at the time of trial.  The couple with whom J.D.W. had been placed desires
to adopt him.  J.D.W. has thrived while in the couple’s care and is in a stable,
warm, loving environment.  The record also shows that neither appellant nor
J.D.W.’s mother has demonstrated the ability to take care of J.D.W. or to
provide him with a safe environment.  Though he had been released from prison,
appellant did not visit J.D.W. during the five months prior to trial, and he
did not appear in person at the trial.  Based on the evidence presented at
trial, the trial court could reasonably have formed a firm belief or conviction
that termination of appellant’s parental rights would be in J.D.W.’s best
interest.  We cannot hold that this finding is not supported by clear and
convincing evidence.  The evidence is both legally and factually sufficient to
support the finding that termination of appellant’s parental rights is in the
best interest of J.D.W.  

Appellant’s
first, second, third, fourth, seventh, and eighth issues are overruled.  Because
the fifth and sixth issues regarding abandonment are not dispositive of the
appeal, we do not address them.  See Tex.
R. App. P. 47.1.  

            We
affirm the trial court’s order terminating the parental rights of J.D.W.’s
father.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 18, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.